Ronnie Cherokee Brown P17249 #    CDCR
Name and Prisoner/Booking Number

CSP Sacramento
Place of Confinement

P8 Box 290066
Mailing Address

Represa, CA 95671-0066
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

<table>
<tr><td></td><td><strong>FILED</strong></td></tr>
<tr><td></td><td>Oct 29, 2020</td></tr>
<tr><td></td><td>CLERK, U.S. DISTRICT COURT<br>EASTERN DISTRICT OF CALIFORNIA</td></tr>
</table>

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Ronnie Cherokee Brown,
(Full Name of Plaintiff)    Plaintiff,

v.

(1) Amandeep, Dhillon,
(Full Name of Defendant)

(2)

(3)

(4)
Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:20-cv-2175 CKD (PC)
(To be supplied by the Clerk)

Demand for Jury Trial

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983.
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____.

2. Institution/city where violation occurred: CSP — Sacramento

Revised 3/15/2016                    1

## B. DEFENDANTS

1. Name of first Defendant: _Amandeep Dhillon_. The first Defendant is employed as:
_Medical Doctors_ at _CSP SACRAMENTO_.
 (Position and Title)                                    (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
_____ at _____.
 (Position and Title)                                   (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
_____ at _____.
 (Position and Title)                                   (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____ at _____.
 (Position and Title)                                   (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? (Yes)   ☐ No

2. If yes, how many lawsuits have you filed? _6_. Describe the previous lawsuits:

 a. First prior lawsuit:
    1. Parties: _C. Reif Etal_ v. _Ronnie Cherokee Brown_
    2. Court and case number: _2:18-CV-01088 KJM - CKD_.
    3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Dismissed Summary Judgment against Plaintiff_

 b. Second prior lawsuit:
    1. Parties: _R Preshchuk_ v. _Ronnie Cherokee Brown_
    2. Court and case number: _2:19-CV-0699 - KJN_
    3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Yes Still Pending Settlement Conference Dec 9, 2020_

 c. Third prior lawsuit:
    1. Parties: _E.F. Castillo_ v. _Ronnie C. Brown_
    2. Court and case number: _____
    3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Dismissed_

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

Fourth Defendant
Previous Law Suit.
D. Henry    2:19-cv-2304    V. Brown R
                (over)  concluded)
                    Settlement to Plantiff.

Fifth 5th Defendant.
K. Porter    Vs    Ronnie    Brown
            2:20-cv-00167 CKD
        Pending

Sixth Defendant
A. Reilly    Vs.    Brown
    2:20-CV-01709 —AC

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: 8th And Amendment 14th US Constitutial

2. **Claim I.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☒ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   ① Plaintiff Ronnie Brown at all times Mentioned here in was Confined At And Housed at CSP Sacramento ② Defendant at all times Mentioned here in was Employeed at and Assigned's to CSP Sacramento. Defendant Was Acting under color of federal law And institutional Authority And is Being Sued in their individual Capacity this Action Arisis from Defendant A. Dhillon Denying Plaintiff medical Attential's which falls under Deliberate Indifference Which Plaintiff Has Been Suffering And still Suffering And a Serious Injury in Violation of 8th and 14th Amendment to the US Constitution Defendant Act to Harm Plaintiff Was Willful intentional And Purposeful And Defendant Worked in Concert engaging in Acts of Being in Cahoose with Custody officers And Custody Staff in connection with Plaintiffs medical Condition, That was connected from a previous Excessive use of force as Plaintiff By Custody Staff That cause Plaintiff Injurys

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Dislacated HIP chip Bone Pain in Right Shoulder Big Lump on Leg And Pain And Constant Suffering. In Violation of Federal laws And for His malicians and Sadistic Actions

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

*(CLAIM I. AND SUPPORTING FACTS (CONTINUED))*

ON DEC 26, 2019 Plaintiff Was Beaten up Pretty Bad By (5) Custody officers ... So I Was Given A Cain Due to The Excesive Use of force... So on DEC 26. 2019 Custody Staff lied to The Doctor Saying Plaintiff Was Going To Hit Staff With His Dane / CANE Which Was Totally UN True. Custody lied on Plaintiff only To Justify Them To Benefit and To Confiscate My CANE. So Every Since FEB 2020 Plaintiff Has Been Trying TO Retrive Hrs Walking Cane. But DEFENDANT A. Dhillon HAS Intentionally Denied Plaintiff His Walking Cane only Because Custody Staff Has Been Telling Defendant NOT To Issue Plaintiff His Cane Back. I Have A Custody Staff As My Witness To Defendant In The courthouse with A Correctional Lt. Name - Unkrown Defendant Has Been Canceling All of Plaintiff Doctors Aointments for Plaintiff Current Walking Situation.

Claim I AND Supporting facts Continued

The Unit R.N. Has Scheduled Plaintiff about 12 times IN Total different Days AND Defendant Has Cancelled Plaintiffs Medical Appointment Each time with Excuses Such As Due to Covid-19 Crisis All Cancelled appointment will be re-scheduled But The Defendant Never Re-Scheduled Plaintiff At No Point. AND Never Has No Intentions of Re-Scheduling Plaintiff. Due to Retaliation Tatics AND Being In Full Cottease with Custody STAFF. Defendant Not Serve A Legitimate PENOLOGICAL INTEREST AND Caused Plaintiff Prolonged Pain Suffering Due to Plaintiff NOT BEING TREATED For His Current Serious Conditions AND Not Being Able to walk or Put Plaintiffs Arms Behind His Back.

#( Claim I And Supporting Facts (continued) ) *

*

Defendant Have Acted With A Culpable State of Mind to A forseeable Risk To Plantiff Health And Safty Defendant Has Intentionally Enored Federal laws Knownb And Plaintiff Is Entitles to And Will Seek Punitive Damages Defendant Was Deliberate Indifferent And Bias to Plantiff Health and Current Injurys And Conditions Not Being Able To Walk. Defendant Has Been Sued By Other Inmates For Similar Situations. Plantiff Is In a lot of Pain And Unable to Walk. Plaintiff Dont leave His Cell Due To Plaintiff Unable to Walk And Defendant Refuses to See And Mediatly Access Plaintiff. But Defendant Hides Behind The Excuses of Covid-19 Pandemic ~

**CLAIM II**

1. State the constitutional or other federal civil right that was violated: 8th Ame 14th Amendment US CONSTITUTION .

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☒ Threat to safety
   - ☐ Other: Can+Cruel Medical Condition

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Plaintiff Ronnie Brown at all Times Mentioned here in was Confined at AND housed at CSP Sacramento, ② Defendant at all times Mentioned here in Was Em Ployeed at AND Assigned to CSP Sacramento Defendant was Acting under color of federal law AND INSTITUTIONAL Authority AND IS BEING Sued IN Their INDIVIdual Capacity This Action ARISIS From Defendant A. Dhillon Constantly DENYING Plaintiff Medical Attention which falls under Deliberate in difference which Plaintiff Has Been Suffering AND Still Suffering AND a Serious INJurd IN Violation of 8th AND 14th Amendment to the United States Constition Defendant Act to Harm Plaintiff was willful Intentional AND Suppose AND Defendant worked in ConCERT engaing IN Act of Being IN ealitisse with Custody Staff AND Custody Staff in connection with Plaintiff's Medical condition That was connected from a Previous EXCESSIVE use of force on Plaintiff By custody Staff That Caused Plaintiff INJurys That's why Plaintiff cant walk at all NO More AND Defendant Is Not Doing Any thing About it to Correct the Problem

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). Dislocated HIP Chip Bone Pain in Right leg + Shoulder Big Bump in leg AND Pain Constant Suffering. AND the Medical Doctor Dhillon Is not Doing Any thing to Correct the urgent Problem

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

H ( CLAIM AND ) X

Defendant Was Deliberate Indiffence To Plaintiff
Personal — Safty
And Acted with a Culpable State of Mind To A
forseeable Risk
To Plaintiffs Health And Safty And Disregarded
Those Risks By
Refusing to take Reasonable Measures To Abate
The Risks Plaintiff
Walking Situation: This Defendant Has Intentionally
Erased All of
Plaintiff 7263 Medical forms. And Has Cancelled
All of The R.N.
Schoolings for Plaintiff. Medical Conditions.
Powell Vs. Alaxander. 391 F.3d ① (1st Cir. 2005)
Secured By The Laws
of The United- States And Knowingly
Concertedly.
And Intentionally Violated The Laws of
The United States
Including The 8th And 14th Amendments To The
United States
Constitution. — Plaintiff Has X- Ray Results
7219 Medical — Reports Supporting Plaintiffs
Claims + Allegations

## E. REQUEST FOR RELIEF

State the relief you are seeking:

(i) ① Awarded Fees And Cost ② Awarded - Attorney fees ③ Compensatory Damages of 750.00 OO ④ Punitive - Damages IN The Amount 100,00 OO Against Defendant And For All of His Intentional Violation of Federal laws And For His Malicious And Sadistic Actions ⑤ for a Injunction - And Permanent Injunction Requesting for Defendant Be Demotefed or Either Terminated, F

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___10/27/20___
DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

## VERIFICATION

i Plaintiff Plaintiff cherdee Brown
Have Read the foregoing complaint
And contents There of. Such
                    complaint Is Made
on my Personal- Knowledge And As
                    Such.
I Believe it to Be True And
                    Correct.


I declare: under Penalty of PerJury
That The fore going Is True And Correct.


Dated: ___10-27-20___          /S/ Plaintiff-Declarant
                                    Pro - se

# Demand For Jury Trial

I Demand For A Jury Trial For All Claims    A Jury Trial Is Allowed.

* Fed. R. Civ P. Rule 38 *
*

Dated: 6-27-20

/s/ Plaintiff - Declarant
Pro Se

CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



## Headquarters' Level Response

OCT 1 4 2020
**Closing Date:**

**To:**        BROWN, RONNIE (P17249)
               California State Prison – Sacramento
               P.O. Box 290001
               Represa, CA 95671-0002

**From:**      California Correctional Health Care Services
               Health Care Correspondence and Appeals Branch
               P.O. Box 588500
               Elk Grove, CA 95758

**Tracking #:**  SAC HC 20000198

### RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

### HEALTH CARE GRIEVANCE APPEAL SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|---|---|
| Issue:    ADA ( Disagreement with RAP Decision ) | You disagree with RAP response log number SAC-H-19-05527. |

### HEADQUARTERS' LEVEL DISPOSITION

[X] No intervention.        [ ] Intervention.

### BASIS FOR HEADQUARTERS' LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. As stated in the Institutional Level Response, on March 26, 2020, a primary care provider documented a cane was not medically necessary at that time. On September 15, 2020, you were assessed by a primary care provider via registered nurse co-consultation. The provider documented the x-ray results were reviewed and were normal with no acute fracture or dislocation. On September 17, 2020, you were evaluated by a primary care provider for a history and physical examination. The provider documented your cane issue was acknowledged and had already been addressed; the provider further noted your breathing and gait appeared normal. There is no documentation to support the provider determined a cane was medically necessary at that

---

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

time. Your health care condition will continue to be monitored with care provided as determined medically necessary by a primary care provider, in accordance with appropriate policies and procedures.

There is no indication your care has not been provided pursuant to the rules and regulations governing the management and delivery of medically or clinically necessary health care services. Patients shall be accorded impartial (equal, unbiased) access to treatment or accommodations that are determined to be medically or clinically indicated, based on the patient's individual presentation, history, and exam findings, in accordance with appropriate policies and procedures. Treatment determined to be medically or clinically indicated for another patient may not be determined to be appropriate for you; this does not constitute a violation of your right to impartial access to medically or clinically necessary health care. While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.

Health care staff, utilizing clinical expertise within the scope of their licensure, is responsible for determining if a health care grievance warrants expedited processing, not the grievant. Your health care grievance was identified by licensed clinical staff to not meet the criteria for expedited processing per California Code of Regulations, Title 15, Section 3999.228(b)(2) and/or 3999.230(b)(1)(B).

You have the right to exhaust your administrative remedies or file a civil action. It is your personal responsibility to obtain legal counsel if you so choose. The Prison Litigation Reform Act (42 U.S.C § 1997e[a]) states: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Monetary compensation is outside the jurisdiction of the health care grievance process.

Complaints against custody staff are not a health care services issue over which California Correctional Health Care Services has jurisdiction. As such, your concerns should be addressed through the appropriate custody channels at your institution.

California Correctional Health Care Services takes your complaint against any personnel seriously and all efforts are made to ensure these matters are researched and responded to accordingly. However, it is not in the purview of grievants to dictate administrative actions regarding health care grievance review, disciplinary measures, or adverse action against staff. Further, all such personnel actions are confidential and will not be shared with inmates, staff, or the public.

The health and safety of our population is of critical importance to the California Department of Corrections and Rehabilitation and California Correctional Health Care Services. While our agency is working together to appropriately respond to the COVID-19 crisis, we will continue to provide urgent and emergent health care services. To reduce risks to both patients and staff, inmate movement will be minimized. In addition, some specialty and routine care may be delayed as a result of both internal redirections and external closures. All cancelled appointments will be rescheduled as soon as safely possible. If you have health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA  95758

providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

This decision exhausts your administrative remedies.

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

October 12, 2020
Reviewed and Signed Date

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA  95758

TREAT AT

SSHSC

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**   Original
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☑ No | Tracking #: |
|---|---|---|

SAC HC 20000198

M. Linggi HCARN                    M. Linggi HCARN  3/3/20
Staff Name and Title (Print)        Signature                    Date

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI):
Brown Ronnie Cherokee       CDCR #: P17249    Unit/Cell #: A2 206

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy: I AM LOOZING medical Staff DUE to REPORTING false Statements on MY (RAP Despense) ON DEC 26, 2019 while in CTC-1 i Was Beat up PRETTY Bad By four officers, which i Have an ENTry (72/9) That Was Conducted on DEC 27, 2019 the Next Day of Incident, AND Custody officer lied To MD Stating i dont Need a Cane False, 2ND I Use my Cane to hit Mother Fuckers That Dont EVEN make Sense, i Was Issued the Cane Prior to Coming To CTC But After Thoes ④ S/os Beat me up They Intentionally Took My Cane Out of fear of Retatation AND lied To Medical Doctors only to Justify The Excessive Force, My Hip Was dislocated With a Leg Injury from Tha 12/26/19 Incident. Futher More NO Staff Has EVER Seen Me

Supporting Documents Attached. Refer to CCR 3999.227 ☐ Yes ☐ No  1824 Rap Response (72/9) 7410 Copy

Grievant Signature:                          Date Submitted: 03-01-20

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL. R.B

**SECTION B:** HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only    Is a CDCR 602 HC A attached? ☑ Yes ☐ No

This grievance has been:

☐ Rejected (see attached letter for instruction): Date: _____ Date: _____

☐ Withdrawn (see section E)

☑ Accepted   Assigned To: M. Linggi  Title: HCARN   Date Assigned: 03/06/2020  Date Due: 05/07/2020

Interview Conducted? ☑ Yes ☐ No  Date of Interview: 6/2/20  Interview Location:

Interviewer Name and Title (print): M. Linggi HCARN  Signature: M. Linggi HCARN  Date: 6/2/20

Reviewing Authority Name and Title (print): M.Bobbala, MD, CME  Signature:  Date: 06/04/2020

Disposition: See attached letter  ☐ Intervention  ☑ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant: JUN 09 2020

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached ☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4.Comments: TABE 3.6

RECEIVED SAC MAR 03 2020 HCGO
COMPLETED SAC JUN 09 2020 HCGO
RECEIVED STAFF USE ONLY JUL 27 2020
COMPLETED HCCAB OCT 14 2020

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

Tracking #: SAC HC 20000198

| SECTION C: | Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response, explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail to Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |
|---|---|

like i Said Since Dec 26, 2019 i Have Been TRying to get My
Walking Cane back Due to me Being Beaten up on Dec
26, 2019 By (4) Officers here at CSP SAC. CTC-1 Crisis
Bed And Every Since 12-26-19, CSP SAC Officers Ann
Medical Staff i Has Been Giving me Multiple Excuses
As to Why A Cane is not Currently INdicated. I Have Been
Trying Real Hard to get my Cane back i Can no Longer
Walk Any More Due to my Dec 26, 2019 Injure
By (4) Officers here at CSP SAC And i am in The Process
of filing a 2 million Dollar Law Suit And For Some
Doctors + Medical Staff To Be Fired After
This Appeal's has Been Exhausted. Thank you

Grievant Signature: _____    Date Submitted: 7-20-20

| SECTION D: | HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☑ Yes ☐ No |
|---|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction).    Date: _____    Date: _____

☐ Withdrawn (see section E)    ☑ Accepted

☐ Amendment    Date: _____

Interview Conducted?    ☐ Yes  ☑ No    Date of Interview: _____    Interview Location: _____

Interviewer Name and Title (print): _____    Signature: _____    Date: _____

| **Disposition:** See attached letter | ☐ Intervention | ☑ No intervention |
|---|---|---|

**This decision exhausts your administrative remedies.**

HQ Use Only: Date closed and mailed/delivered to grievant: OCT 1 4 2020

| SECTION E: | Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason: |
|---|---|

_____

_____

Grievant Signature: _____    Date Submitted: _____

Staff Name and Title (Print): _____    Signature: _____    Date: _____

# STAFF USE ONLY

Distribution: Original - Returned to grievant after completed; Scanned Copy - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY |
| --- |
| Tracking #: |
| SAC HC 20000198 |

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): | CDCR Number: | Unit/Cell Number: |
| --- | --- | --- |
| Brown, Ronnie C. | P17249 | A2-206 |

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

<br>

## SEE ATTACHED
## CDC-1824/602-A

<br>

Grievant Signature: _____     Date Submitted: _____

**SECTION B:** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

<br>

Name and Title: _____     Signature: _____     Date : _____

RECEIVED SAC HCGO MAR 0 3 2020

COMPLETED SAC HCGO JUN 0 9 2020

RECEIVED HCCAB JUL 2 7 2020

COMPLETED HCCAB OCT 1 4 2020

**STAFF USE ONLY**

Treat As Original

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE ATTACHMENT**                                                                 Page 1 of 2
CDCR 602 HC A (06/17)

| STAFF USE ONLY |
|---|

Institution: _____   Tracking #:

SAC HC 20000198

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

Name (Last, First, MI): Brown Bonnie Cherokee          CDCR Number: P17249    Unit/Cell Number: A2-26

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the decision, action, condition, omission, policy or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy):

observed me from Another Room Walking With No Issues That false
And Staff Lied on me Again Stating During Escorts To And from Medical
Appointments and law Library with out Any issues And I Was
Walking fine Those statements in This Rap 78 false Allegations
By Custody + Medical Due to Both me IN Cahoots With
Each other, I Have Not Been To The Library in 3 Months, All DSU
4 - Fac Treatment - Center Officers + Clinicians Know i Have
Been Having Problems Walking Ever Since Custody Beat me up
And IED To Every Doctor And i Was Interviewed By
RN Liggi on 602 And She Said She Was ordering me (Back
X-Rays) Which She Never ordered Because MD mynd
REFused To order me X-Rays All Staff mention will Be Sued-

Grievant Signature: _____    Date Submitted: 03/01/20

**SECTION B:** Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section B only (Dissatisfied with Health Care Grievance Response):

use new form

Grievant Signature: _____    Date Submitted: _____

RECEIVED SAC MAR 0 3 2020 HCGO

COMPLETED SAC JUN 0 9 2020 HCGO

RECEIVED JUL 27 2020

COMPLETED OCT 14 2020

STAFF USE ONLY

**REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE**

| | | |
|---|---|---|
| **RAP Meeting Date:** 1/16/2020 | **Date IAC Received 1824:** 12/31/2019 | **1824 Log Number:** SAC-H-19-005527 |
| **Inmate's Name:** BROWN | **CDCR #:** P17249 | **Housing:** A2-206 |

**RAP Staff Present:** ADA Coordinator   J. Caraballo ,  Correctional Counselor II   B. Hendricks ,  Chief Physician Surgeon   P. Sahota,  Mental Health Clinician  L. Kennerly ,  Health Care Appeals Coordinator  K. Klingenberg ,  Health Care Compliance Analyst  P. Leyva,  Principal of Education   D. Hamad

**Summary of Inmate's 1824 Request:** BROWN claims they took his walker and cane and now he can't walker and cane now he can't walk to group or anywhere. Brown is requesting his cane back.

**Interim Accommodation:**

☒ No interim accommodation required.

**RAP RESPONSE:**

**RAP is able to render a final decision on the following:**

**Response**: The Reasonable Accommodation Panel (RAP) initially reviewed your request on 1/2/2020 and it was determined more information was needed before a final decision could be rendered. It was reviewed again on 1/16/2020 with Medical Staff reporting you were observed multiple times walking/pacing back and forth in your cell. When questioned why you weren't using your cane, you stated, "I don't need a cane, I use it to hit mother f****er." The cane was removed on 12/26/2019 and 7536 was updated. You were seen on the RN line on 12/31/2019 and the following was noted that you were scheduled to see your Primary Care Physician (PCP) to discuss issues described in this 1824. Your PCP observed you from another room on 1/10/2020, walking with no issues, big steps and strides. Custody Staff later reported, during the escort back to your cell, you were skipping steps and you walked up quickly. PCP noted in your chart, the cane was not medically indicated. The Health Care Grievance Office reports you submitted a grievance, log number is: SAC HC 1900 1376 received on 12/31/2019. It addresses your concerns of the cane being removed and it was split with the RAP process. Your medical concerns will be addressed as well. The grievance is due to you on or before 3/6/2020. Custody Staff report during your escorts to medical appointments and Law Library without any issues and you are walking with the Officers just fine.

**Direction if dissatisfied**: If you disagree with this decision and want to file an appeal/grievance, be sure to attach a copy of this response along with your CDCR 1824 as supporting documents.


_J. Caraballo_
**ADA Coordinator/Designee**

_Signature_

**Date sent to inmate:** 2/21/20

RECEIVED
HCCAB
JAN. 27 2020



CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Headquarters' Level Response

**Closing Date:** OCT 1 4 2020

| | |
|---|---|
| **To:** | BROWN, RONNIE (P17249)<br>California State Prison – Sacramento<br>P.O. Box 290001<br>Represa, CA 95671-0002 |
| **From:** | California Correctional Health Care Services<br>Health Care Correspondence and Appeals Branch<br>P.O. Box 588500<br>Elk Grove, CA 95758 |

**Tracking #:** SAC HC 20000323

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE APPEAL SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Diagnostic ( X-Rays ) | X-rays not done. |
| Issue: | Non-Medical/Custody ( Not Our Jurisdiction (NOJ) ) | Complaints against custody staff. |
| Issue: | Medical Device ( Cane/Crutch ) | You disagree with your cane being discontinued. |

## HEADQUARTERS' LEVEL DISPOSITION

[X] No intervention.    [ ] Intervention.

## BASIS FOR HEADQUARTERS' LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. As stated in the Institutional Level Response, on March 26, 2020, a primary care provider documented a cane was not medically necessary at that time. On September 15, 2020, you were assessed by a primary care provider via registered nurse co-consultation. The provider documented the x-ray results were reviewed and were normal with no acute fracture or dislocation. On September 17, 2020, you were evaluated by a primary care provider for a history and physical examination. The provider documented your cane issue was

---

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

acknowledged and had already been addressed; the provider further noted your breathing and gait appeared normal. There is no documentation to support the provider determined a cane was medically necessary at that time. Your health care condition will continue to be monitored with care provided as determined medically necessary by a primary care provider, in accordance with appropriate policies and procedures.

There is no indication your care has not been provided pursuant to the rules and regulations governing the management and delivery of medically or clinically necessary health care services. Patients shall be accorded impartial (equal, unbiased) access to treatment or accommodations that are determined to be medically or clinically indicated, based on the patient's individual presentation, history, and exam findings, in accordance with appropriate policies and procedures. Treatment determined to be medically or clinically indicated for another patient may not be determined to be appropriate for you; this does not constitute a violation of your right to impartial access to medically or clinically necessary health care. While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.

Health care staff, utilizing clinical expertise within the scope of their licensure, is responsible for determining if a health care grievance warrants expedited processing, not the grievant. Your health care grievance was identified by licensed clinical staff to not meet the criteria for expedited processing per California Code of Regulations, Title 15, Section 3999.228(b)(2) and/or 3999.230(b)(1)(B).

You have the right to exhaust your administrative remedies or file a civil action. It is your personal responsibility to obtain legal counsel if you so choose. The Prison Litigation Reform Act (42 U.S.C § 1997e[a]) states: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Monetary compensation is outside the jurisdiction of the health care grievance process.

Complaints against custody staff are not a health care services issue over which California Correctional Health Care Services has jurisdiction. As such, your concerns should be addressed through the appropriate custody channels at your institution.

California Correctional Health Care Services takes your complaint against any personnel seriously and all efforts are made to ensure these matters are researched and responded to accordingly. However, it is not in the purview of grievants to dictate administrative actions regarding health care grievance review, disciplinary measures, or adverse action against staff. Further, all such personnel actions are confidential and will not be shared with inmates, staff, or the public.

The health and safety of our population is of critical importance to the California Department of Corrections and Rehabilitation and California Correctional Health Care Services. While our agency is working together to appropriately respond to the COVID-19 crisis, we will continue to provide urgent and emergent health care services. To reduce risks to both patients and staff, inmate movement will be minimized. In addition, some specialty and routine care may be delayed as a result of both internal redirections and external closures. All cancelled appointments will be rescheduled as soon as safely possible. If you have health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

This decision exhausts your administrative remedies.

_____
S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

October 12, 2020
_____
Reviewed and Signed Date

---

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA  95758

1845/7410                                    BROWN, RONNIE CHEROKEE - P17249

*My Care was Extended To 180 days —* (handwritten)

1845/7410 Entered On: 12/18/2019 11:42 PST
Performed On: 12/18/2019 11:39 PST by McCune, Heather P&S

**Patient Encounter Information**
*ENCTR Information :* Encounter Info: Patient Name: RONNIE BROWN,DOB: 02/03/1964,,FIN:
10000001911125371P17249,Facility: SAC,Encounter Type: Institutional Encounter

McCune, Heather P&S - 12/18/2019 11:39 PST

1845/7410
*Disability Verification :* Disability Confirmed
*Disability Type: Mobility :* DNM-may require assistive device to ambulate, but disability not so severe to require special housing/level terrain. Criteria: Must have impairment of major life activity. May have special needs outside housing placement. Can walk up/down steps/stairs
*Disability Type: Hearing :* No Hearing Impairment
*Disability Type: Vision :* No Vision Impairment
*Speech-DPS :* No
*Kidney-DKD :* No
*1845/7410 Status :* Temporary
*1845/7410 Expire Date :* 1/31/2020 23:59 PST
*Orthopedic Condition :* N/A
*Post Operation-Post Injury :* N/A
*Orthopedic Condition-Upper Extremity :* N/A
*Neurological Condition :* N/A
*Orthopedic Condition-Lower Extremity :* Uses hands to assist with mobility; use of cane, or crutch
*UV Exposure :* N/A
*Inmate Assistant Attendant :* N/A
*7410-Other :* N/A
*Non-Formulary One Off Accommodations :* SC = Special Cuffing/Restraints Alert accommodation not covered by above criteria.
*Non-Formulary One Off Justification :* temporary cane until 01/31/2020 with waist chain restraints
*DPW :* N/A
*DPO :* N/A
*DPM :* N/A
*DLT :* N/A

*over — Also See new 7410 that expires on 3/4/2020* (handwritten)

Result type:        1845/7410
Result date:        December 18, 2019 11:39 PST
Result status:      Auth (Verified)
Result title:       1845/7410
Performed by:       McCune, Heather P&S on December 18, 2019 11:39 PST
Verified by:        McCune, Heather P&S on December 18, 2019 11:39 PST

*RN Linger from Saying she* (handwritten)

Page 1 of 2

Printed by:    Spaulding, Evangeline LVN
Printed on:    12/18/2019 11:47 PST

*was Go order me x-rays which she never Did —* (handwritten)

## ADA/Effective Communication Patient Summary

As of: 12/31/2019 07:48

**Patient Information**

NAME: BROWN, RONNIE
CDCR: P17249

**Disability Placement Program**

Current DPP Code(s):

DPP Verification/Accommodation Date: 12/26/19
9:42:01 PST

Current Housing Restrictions/Accomodations:

**Methods of Communication**

SLI:

Primary Method:

Secondary Method:

Interview Date:

**Developmental Disability Program**

Current DDP Code:

Effective Date:

Adaptive Support Needs:

**Testing of Adult Basic Education (TABE)**

TABE Score: 03.6

TABE Date: 02/20/2015 00:00

**Learning Disabilities**

Learning Disabilities:

**English Proficiency**

LEP: No

Primary Language: English

**Durable Medical Equipment**

Current <u>ISSUED</u> DME:
    * Ankle Foot Orthoses/Knee Ankle Foot Orthoses
Permanent
    * Eyeglass Frames Permanent
    * Other Permanent:UPPER PARTIAL DENTURES Cane
retrieved by MD on 12/26/2019- see note

**MHSDS**

MHLOC:  EOP

I was Re-Issued my Cane Tempory til 03/06/20 But i Ned
My Cane for Atlease 180 days, Custody lies To MD
With false Allegations only To justify The Excessive-force
That they used on me on 12/24/19 And medical is
Lien Also Supporting Custody, False Allegation only To Not Issue
Me my Cane back, So law Sait Will Follow on
DOCTOR